### E. LITTLEFIELD and Sureties *v.* THE STATE.

BAIL BOND.—The condition of a bail bond recited that the principal obligor was "accused of committing the crime of skinning a calf or yearling, unmarked and unbranded," and was conditioned for his appearance on a

day certain "before M. W., a justice of the peace, precinct No. 2, in and for the county of G." *Held,* that the bond is fatally defective in failing to show that the principal obligor was accused of any offense against the laws of this state, and in failing to state the place or court at or before which he was bound to appear.

APPEAL from the County Court of Gonzales.    Tried below before the Hon. JOHN S. CONWAY, County Judge.

The opinion states the case.    Article 6568, Paschal's Digest, is the 16th section of the act of May 22, 1871, "to encourage stock raising," etc., and enacts as follows: "Every person skinning or taking off the hide of any dead animal not his own, and without the written authority of the owner, or some one having charge of the same for the owner, or any person knowingly purchasing the same, shall be fined in the sum of ten dollars for each and every hide so skinned or purchased, recoverable as provided in section eight of this act, said fine to be paid into the county treasury ; *provided,* that when the owner of said dead animal shall testify that the party accused did have his consent to skin said animal the court may then dismiss the suit."    Section 8 of the act authorized the recovery to be had before the "district court, or any justice of the peace having jurisdiction in any county."

*Harwood & Winston,* for the appellants.

*George McCormick,* Assistant Attorney General, for the State.

WHITE, J.    The appeal in this case is from a judgment of the county court, overruling a motion to set aside a judgment *nisi,* and rendering a judgment final upon a forfeited bail bond.    The bond was intended to secure the attend-

ance of the principal therein before a justice's court, to answer a violation of the law relative to skinning dead animals.    2 Pasc. Dig., Art. 6568.

The requisites of such a bail bond are expressly prescribed by statute.    " A bail bond shall be sufficient if it contains the following requisites :    1st. That it is made payable to the state of Texas.    2d. That the obligors thereto bind themselves that the defendant will appear before the proper court, to answer the accusation against him.    3d. That the offense of which the defendant is accused be distinctly named in the bond, and that it appears therefrom that he is accused of some offense against the laws of the state.    4th. That the bond be signed by the principal and sureties, or, in case either of them cannot write, then that they affix thereto their marks.    5th. That the bond state the time and place when and where the accused binds himself to appear, and the court before which he is to appear."    2 Pasc. Dig., Art. 6391.

The next succeeding Article reads as follows :    " In stating the time it is sufficient to specify the term of the court, and in stating the place it is sufficient to specify the name of the court and of the county."    Art. 6392.

The two objections urged to the bond in this case are, 1st, that it does not appear therefrom that defendant is accused of any offense against the laws of the state ; and, 2d, it does not bind the principal to appear at any particular place, or before any court.

Both these objections are well taken, and the court should have set aside the judgment *nisi*, and quashed the bond. The judgment is reversed and the case dismissed.

*Reversed and dismissed.*